UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT M.,

DECISION AND ORDER

                           Plaintiff,

20-CV-1388L

              v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                           Defendant.

_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On August 31, 2017, plaintiff applied for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act, alleging an onset date of March 17, 2017. His application was initially denied. Plaintiff requested a hearing, which was held September 12, 2019 via videoconference before Administrative Law Judge ("ALJ") JuanCarlos Hunt. Plaintiff, and vocational expert James L. Soldner, both testified at the hearing. On October 15, 2019, the ALJ issued a decision finding plaintiff not disabled. (Dkt. #8 at 24-34). This decision became the final decision of the acting Commissioner when the Appeals Council denied review on July 31, 2020. (Dkt. #8 at 1-4). Plaintiff now appeals.

The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for the calculation and payment of benefits or

alternatively for further proceedings (Dkt. #9), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #10). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded solely for the calculation and payment of benefits.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims for adults is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

### I.      The ALJ's Decision

Plaintiff was born June 19, 1960, and was 56 years old on the alleged disability onset date of March 17, 2017. His medical treatment records reflect a history of spinal disorder and dysfunction of the major joints, which the ALJ found to be severe impairments not meeting or equaling a listed impairment. (Dkt. #8 at 26-27).

The ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform light work, except that he can no more than frequently balance, crouch, kneel, crawl, and climb ramps, stairs, ladders, and scaffolds. Plaintiff can no more than occasionally push, pull, reach, handle, finger and feel with his left arm and hand. He can no more than frequently push, pull, or operate foot controls with his left leg and foot, and no more than occasionally push, pull, or operate foot controls with his right leg and foot. Furthermore, he will be off task for ten percent of the workday due to the need to change positions. (Dkt. #8 at 28).

The ALJ found that plaintiff, at 56, is an "older individual" for purposes of Social Security Regulations, with a high school education and transferable skills acquired from his prior work as a mechanic, consisting of the ability to follow written instructions, set up equipment and machines, handle customer complaints, move material, and work as a member of a team. (Dkt. #8 at 32).

When asked at the hearing whether jobs existed in the economy for a hypothetical individual of plaintiff's age, education, transferable job skills, and RFC, the vocational expert identified the representative light, unskilled positions of school bus monitor,[1] counter clerk, and fruit distributor. (Dkt. #8 at 33).[2] The ALJ accordingly found plaintiff not disabled.

## II.     The ALJ's Assessment of The Plaintiff's Transferable Skills

Plaintiff alleges that the ALJ's finding – that plaintiff had acquired "transferable skills" through his prior job as a mechanic that could be transferred to the positions identified by the vocational expert – was improper.

The Court agrees. Under the Medical-Vocational Guidelines (the "Grids"), a claimant who is of "advanced age[,]" which includes anyone age fifty-five or older, who has a high school education, who previously held a skilled or semi-skilled job that he can no longer perform, and who has the residual functional capacity to perform light work, will not be found disabled if he has vocational skills that are transferable, but *must* be found disabled if he does not have such skills. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rules 202.06, 202.07. In other words, the applicable Grid

---

[1]  The ALJ's decision mistakenly describes the bus monitor position as semi-skilled. However, the vocational expert testified that it was unskilled, consistent with the Dictionary of Occupational Titles ("DOT"). (Dkt. #8 at 33, 73, 80-81).

[2]  The ALJ's decision also found that plaintiff could perform the positions of ventilation mechanic (semi-skilled), automobile tester (skilled and semi-skilled), and automobile tail-light assembler (semi-skilled). (Dkt. #8 at 33). This was error. In answer to the ALJ's hypotheticals at the hearing, the vocational expert testified that a person with a limitation to no more than occasional pushing, pulling, reaching, handling, and fingering – a limitation which the ALJ included in his RFC finding with respect to plaintiff's left arm and hand – could *not* perform those positions. (Dkt. #8 at 89-92).

Rules "presume a person to be disabled if he is of advanced age, has severe medical impairments precluding his return to his prior work, and has [a high school,] limited or no education, unless he has a particularly transferable skill, or 'vocational asset.'" *Draegert v. Barnhart*, 311 F.3d 468, 473 (2d Cir. 2002)(quoting *Weaver v. Secretary of Health & Human Services*, 722 F.2d 310, 312 (6th Cir. 1983)). "The rationale for that presumption is that a person of advanced age has little time to learn a new skill and apply it to a new job, especially if his ability to work has been limited by a medical disability." *Draegert*, 311 F.3d 468 at 475.

Thus, whether a claimant has acquired skills from his previous skilled or semiskilled work, and whether those skills are transferable to any other positions, are "crucial factors" to the ALJ's determination at Step Five. *Escano v. Commissioner*, 2019 U.S. Dist. LEXIS 22841 at *21-*23 (S.D.N.Y. 2019)(quoting *Clark v. Berryhill*, 697 F. Appx. 49, 51 (2d Cir. 2017)). Where "an ALJ fails to either set forth with sufficient specificity the claimant's acquired vocational skills or to make sufficiently specific findings about their transferability, and those findings were material to the outcome," remand is appropriate. *Clark*, 697 F. Appx. 49 at 52.

In determining whether a claimant possesses transferable skills, an ALJ must be mindful that a "skill" is "knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of [a skilled or semiskilled] occupation," and "gives a person a special advantage over unskilled workers in the labor market." *Escano*, 2019 U.S. Dist. LEXIS 22841 at *24. As such, "basic aptitudes" and "educational factors" as the ability to read or write, drive a motor vehicle, or interact with customers, are not "skills" for purposes of a Step Five analysis. *Id*. at *25. *See also Castle v. Colvin*, 2017 U.S. Dist. LEXIS 145796 at *16-*17 (W.D.N.Y. 2017). *See generally* 20 C.F.R. §416.968(d).

Here, the ALJ determined that the claimant's past relevant work as a mechanic caused him to acquire the "skills" of following written instructions, setting up equipment, handling customer complaints, moving materials, and working as a member of a team. (Dkt. #8 at 33). The ALJ further found that these "skills" were transferable to other jobs existing in the national economy.

These findings are problematic in several respects. Initially, the ALJ's finding that plaintiff acquired or exercised these abilities in his former work appears to have been based solely on supposition. Plaintiff briefly stated that his duties during his thirty-five years of employment as a mechanic for the Niagara Frontier Transportation Authority ("NFTA"), initially for its Police and Small Boat Harbor, and later for NFTA Metro, had consisted of physically "repair[ing] whatever needed repair," such as boats, truck loaders, mowers, snow blowers, and other equipment. (Dkt. #8 at 48, 58-64, 263-64). The record does not offer any additional details about plaintiff's job duties, and there is no evidence that plaintiff's past work ever actually involved *any* of the tasks that the ALJ found to be "skills," such as handling customer complaints, following written instructions, setting up equipment, or working as part of a team. Rather, the ALJ's finding appears to have derived solely from a hypothetical question to the vocational expert asking him to describe the kinds of "transferable skills" that a "garage mechanic" might acquire: it was not based on any evidence concerning plaintiff's prior work as it was actually performed. (Dkt. #8 at 73). As such, the ALJ's finding that plaintiff had acquired specific transferable skills through his past relevant work was entirely unsupported.

Second, even assuming *arguendo* that plaintiff had acquired the abilities the ALJ identified, the Commissioner has not met her burden to demonstrate that any of them are "skills" within the meaning of the applicable regulations. The ALJ did not explain, nor does the record indicate, that such mundane functions as reading instructions or moving materials were, in the context of

plaintiff's prior employment, "skills" that required a high level of judgment or specialized training or experience, or that otherwise went beyond the carrying out of simple job duties. Indeed, neither the vocational expert nor the ALJ ever "articulated any 'link' between those vaguely-phrased skills and any 'particular task' required by [plaintiff's former] occupations." *Higgs-Wilson v. Saul*, 2019 U.S. Dist. LEXIS 103548 at \*11-\*12 (W.D.N.Y. 2019)(remand is appropriate where ALJ failed to support transferable skills findings with substantial evidence).

Moreover, even if the ALJ had properly identified one or more of plaintiff's abilities as "skills" based on substantial evidence (which he did not), all of the positions identified by the vocational expert as positions an individual with plaintiff's RFC could perform (school bus monitor, counter clerk, and fruit distributor) were unskilled. It is well settled that "a claimant cannot transfer skills to unskilled work," and as such, none of the jobs identified by the vocational expert comprised "other work" that plaintiff could perform. *Hulbert*, 2009 U.S. Dist. LEXIS 77508 at \*59 ("[the Commissioner] concedes that a claimant cannot transfer skills to unskilled work . . . and that the ALJ erred in finding that [unskilled] jobs constituted other work that [the claimant] could perform"). *See also June S. v. Commissioner*, 2018 U.S. Dist. LEXIS 126703 at \*19 (N.D.N.Y. 2018)(ALJ cannot rely on unskilled positions to demonstrate that plaintiff had skills that could transfer to other work); *Schwartz v. Apfel*, 62 F. Supp.2d 1002, 1006 (E.D.N.Y. 1999) ("acquired skills do not transfer to unskilled work . . . [t]hus, the Commissioner cannot meet his burden of showing that a claimant has transferable skills by identifying unskilled jobs").[3]

---

[3]  Again, while the Grid rules indicate otherwise for younger age groups, in applying the Grids to an individual of plaintiff's age group (55+ or advanced age), RFC (light work), education level (high school graduate – no direct entry into skilled work), and work history (skilled or semi-skilled), *the inability to transfer skills to other skilled or semi-skilled jobs* automatically mandates a finding of disability and ends the inquiry. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.06.

In summary, the ALJ's finding that plaintiff had acquired specific transferable skills in his prior work was not supported by substantial evidence, and his finding that any such skills could be transferred to the unskilled positions identified by the vocational expert was the result of legal error. Despite the existence of a complete record, the Commissioner has failed to meet her burden to show that there are positions in the economy that a person of plaintiff's age, educational level, past relevant work, skill level, and RFC can perform.

While reversal and remand for further proceedings is the usual remedy where an ALJ has applied an improper legal standard, where, as here, the claimant has presented substantial evidence of disability and the Commissioner has failed to carry her evidentiary burden to show otherwise, the Court may remand solely for the calculation and payment of benefits. *See Draegert*, 311 F.3d 468 at 477 (reversing and remanding for the calculation of benefits where the Commissioner failed to "carry[] her burden of showing that [claimant] possessed vocational skills that were transferable to other work in the economy," for claimant to whom Grid Rule 202.06 applied); *Castle*, 2017 U.S. Dist. LEXIS 145796 at *20-*21 (same).

Grid Rule 202.06 directs an automatic finding of disability for an individual of plaintiff's age, education level, prior work, and exertional limitation level, who lacks transferable skills, and the Commissioner has failed to carry her burden to show that plaintiff possesses vocational skills that are transferable to other work. In the interest of preventing additional delay in the granting of an application that was initially filed over four years ago, I find that remand for the calculation and payment of benefits is the appropriate remedy here. *See e.g.*, *Carroll v. Secretary of Health & Human Services*, 705 F.2d 638, 644 (2d Cir. 1983)(remand for calculation and payment of benefits is appropriate where claimant filed his claim four years prior, and remand would further delay payment); *Castle*, 2017 U.S. Dist. LEXIS 145796 at *21-*22 (remand for calculation and payment

of benefits is appropriate where claimant filed her claim more than six years before); *McClain v. Barnhart*, 299 F. Supp. 2d 309, 328-30 (S.D.N.Y. 2004)("the Second Circuit has recognized delay as a factor militating against a remand for further proceedings where the record contains substantial evidence of disability").

Having found that remand is appropriate on the basis of the ALJ's aforementioned errors, the Court declines to consider plaintiff's alternative arguments.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #9) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #10) is denied, and the matter is remanded solely for the calculation and payment of benefits.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      September 13, 2021.